**CARDEN LIVESAY**
— LTD —
ATTORNEYS AT LAW

Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
T. (480) 345-9500
F. (480) 345-6559
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leila K. Mohareb,<br><br>                     Plaintiff,<br><br>v.<br><br>Maricopa County Special Health Care District, doing business as Valleywise Health,<br><br>                     Defendant. | **ORIGINAL COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff Leila K. Mohareb, hereby seeks relief under the ADA, FMLA, ACRA and Arizona's paid sick time law, as follows:

**PARTIES**

1. Plaintiff Leila K. Mohareb was at all relevant times herein a resident of Maricopa County, Arizona, and an "employee" within the meaning and purposes of all relevant statutes at all times material to this action.

2. Defendant Maricopa County Special Health Care District, doing business as Valleywise Health ("Valleywise"), is a local governmental entity and body politic established pursuant to A.R.S. § 48-5501, *et seq*. This Defendant owns and operates medical facilities in Maricopa County, Arizona, and it is a public health care provider at all relevant times conducting its business in Maricopa County, Arizona.

3. Valleywise was an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.



4. Valleywise employs more than 500 people.

5. At all times pertinent to this Complaint, Valleywise's managerial employees were acting within the course and scope of their employment with Valleywise; and as a result thereof, Valleywise is responsible and liability is imputed for the acts and omissions of their managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

6. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 & 1343. Pendent jurisdiction over the related state law claims is invoked pursuant to 28 U.S.C. § 1367.

8. The unlawful employment practices described herein were committed within the State of Arizona, Maricopa County, where Valleywise employed Plaintiff.

9. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391 & 42 U.S.C. § 2000e-5(f)(3).

## ALLEGATIONS COMMON TO ALL CLAIMS

10. On or around October 18, 2021, Ms. Mohareb began her employment with Valleywise as a Health Unit Coordinator in the Medical Oncology Unit at 2525 E. Roosevelt Street, Phoenix, AZ 85008.

11. Ms. Mohareb is passionate about the medical field and hopes to complete nursing school someday.

12. Ms. Mohareb suffers from multiple medical conditions that impact her endocrine, immune, and cardiovascular systems, that substantially limit her in one or more major life activities.

13. Ms. Mohareb provided Valleywise with multiple doctor's notes confirming on-going medical treatment for these conditions and the dangerous and debilitating effects of flare-ups from these conditions.

14. During the relevant timeframe, Valleywise knew or had reason to know that Ms. Mohareb was an individual with a disability.



15. Valleywise at times treated multiple individuals with COVID-19 in its Medical Oncology Unit on the floor where Ms. Mohareb was employed, and expected all employees within that Unit to have regular contact with COVID-19 patients.

16. Ms. Mohareb's disabilities made her more susceptible to the COVID-19 infection.

17. On or about January 22, 2022, Ms. Mohareb submitted a request for reasonable accommodations to Valleywise, wherein she requested to be moved to a floor with limited COVID patient rooms and also requested intermittent leave related to her disabilities.

18. Ms. Mohareb also requested the accommodation of personal protective equipment, which request Valleywise approved, but never provided the equipment.

19. Approximately three months later, Valleywise responded to Ms. Mohareb's request by presenting her with two options: (1) take a leave of absence, which would cause her to lose her medical benefits, or (2) reassignment to a different position, which would also cause her to lose her medical benefits.

20. Neither option was a practical reasonable accommodation to Ms. Mohareb because she could not go without medical benefits and the reassignment would change her work hours and therefore prevent her from attending necessary medical appointments to keep her disabilities at bay.

21. On or about April 25, 2022, Ms. Mohareb submitted a revised request for intermittent leave as a reasonable accommodation.

22. Between April 2022 and July 2022, Valleywise's third-party administrator Matrix Absence Management ("Matrix") repeatedly reminded Valleywise of its duty to review and respond to Ms. Mohareb's request for reasonable accommodation.

23. During the same timeframe, Ms. Mohareb had to temporarily wear a peripheral IV in her arm for approximately one week and requested an accommodation to work while that was in her arm (while wearing a long-sleeve shirt or decorative tattoo sleeve to cover it).

24. While that small accommodation was approved, Valleywise canceled or blocked all of Ms. Mohareb's shifts that would have taken place while she was wearing the IV.

25. During the same timeframe, Valleywise otherwise failed to timely respond to her



3

requests, explore possible effective accommodations, or engage in a good faith interactive process with Ms. Mohareb to determine appropriate accommodations.

26. Additionally, Valleywise issued disciplinary action for Ms. Mohareb's medically-necessary absences.

27. On July 8, 2022, Valleywise placed Mohareb on administrative leave.

28. On or around July 26, 2022, having still not received notification about her pending requests for reasonable accommodation, Ms. Mohareb reluctantly accepted reassignment to another Valleywise position in an attempt to maintain her employer-provided health insurance, though she indicated to Valleywise that the new role was not suitable for her medical leave restrictions.

29. Ms. Mohareb submitted medical evidence indicating that she could not work in the new role on July 28, 2022.

30. Valleywise did not respond to this request and Ms. Mohareb struggled through working in the new role during August 2022.

31. As a result of the new position's hours, Ms. Mohareb began missing medical appointments and protested to Valleywise that she was having to miss them.

32. On or about August 23, 2022, Valleywise again placed Ms. Mohareb on administrative leave.

33. In August 2022, Ms. Mohareb submitted another request for reasonable accommodation, but Valleywise again did not engage in an interactive process.

34. Ms. Mohareb remained on leave and continued to communicated her desire to return to work at Valleywise, particularly to the Health Unit Coordinator position that she loved.

35. Ms. Mohareb sent an email to Valleywise's Human Resources on or about September 19, 2022, wherein she, *inter alia*, complained of Valleywise's failure to provide reasonable accommodations for her disability and discriminating against her.

36. Valleywise terminated Ms. Mohareb's employment on September 23, 2022, four days later.

37. Ms. Mohareb's termination occurred less than four weeks before she would have



become eligible for FMLA intermittent leave.

38. Upon information and belief, Ms. Mohareb's disabilities, requests for accommodation, protected activity, and pending eligibility for FMLA all served as bases for her termination.

**Administrative Remedies**

39. On or about October 28, 2022, Plaintiff timely dual-filed a charge of discrimination with the EEOC and the Arizona Attorney General Civil Rights Division.

40. The Civil Rights Division issued a cause determination letter in Plaintiff's favor. A true and correct copy of that letter is attached as Exhibit A.

41. The Civil Rights Division has not closed its file, but state law requires that suit be filed prior to the one-year anniversary of the charge being filed.

42. The EEOC's Notice of Suit Rights has not yet been received.

43. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

**FIRST CAUSE OF ACTION – ADA DISCRIMINATION**

44. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

45. Plaintiff was a qualified individual with a disability that substantially limits one or more major life activities; was regarded to have such disability by Defendant, and/or established a record of such disability.

46. Defendant discriminated against Plaintiff based on an actual or perceived disability, or Plaintiff's record of such.

47. Additionally, Defendant failed to reasonably engage in the interactive process with Plaintiff regarding her disability; a form of direct discrimination.

48. Defendant failed to provide Plaintiff with a reasonable accommodation; which would have not caused Defendant any undue hardship.

49. By these actions, Defendant has engaged in direct discrimination against Plaintiff, as well as treating her disparately from other non-disabled workers in violation of 42 U.S.C. § 12112.

50. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained



1  damages in the form of lost wages and value of benefits.

2  51.  As a direct and proximate result of Defendant's conduct, Plaintiff has further sustained damages in the form of emotional distress.

## SECOND CAUSE OF ACTION – ADA RETALIATION

52.  By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

53.  Plaintiff engaged in protected activity regarding treatment at the hands of Defendant that she reasonably believed violated the ADA.

54.  Defendant subjected Plaintiff to several adverse actions as described above.

55.  Plaintiff experienced those adverse actions because of her participation in the protected activity.

56.  Defendant has therefore violated the ADA by retaliating against Plaintiff.

57.  As a direct and proximate result of Defendant's conduct, Plaintiff has sustained lost wages and/or other benefits of employment requiring equitable relief.

58.  As a direct and proximate result of Defendant's conduct, Plaintiff has further sustained damages in the form of emotional distress. Plaintiff is aware of the Ninth Circuit's holding in *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1268 (9th Cir. 2009), and makes this allegation in good faith as a warranted extension of existing case law because of the circuit split on this issue.

## THIRD CAUSE OF ACTION – ACRA DISCRIMINATION

59.  By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

60.  Plaintiff was a qualified individual with a disability that substantially limits one or more major life activities; was regarded to have such disability by Defendant, and/or established a record of such disability.

61.  Defendant discriminated against Plaintiff based on an actual or perceived disability, or Plaintiff's record of such.

62.  Additionally, Defendant failed to reasonably engage in the interactive process with Plaintiff regarding her disability; a form of direct discrimination.

63.  Defendant failed to provide Plaintiff with a reasonable accommodation; which



would have not caused Defendant any undue hardship.

64. By these actions, Defendant has engaged in direct discrimination against Plaintiff, as well as treating her disparately from other non-disabled workers in violation of A.R.S. §§ 41-1464, et seq.

65. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

### FOURTH CAUSE OF ACTION – ACRA RETALIATION

66. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

67. Plaintiff engaged in protected activity regarding treatment at the hands of Defendant that she reasonably believed violated her rights as a disabled individual.

68. Defendant subjected Plaintiff to several adverse actions as described above.

69. Plaintiff experienced those adverse actions because of her participation in the protected activity.

70. Defendant has therefore violated state law by retaliating against Plaintiff.

71. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained lost wages and/or other benefits of employment requiring equitable relief.

### FIFTH CAUSE OF ACTION –FMLA INTERFERENCE

72. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

73. Defendant terminated Plaintiff within days of her FMLA eligibility.

74. At the time of her termination, Defendant was already aware that Plaintiff had requested "intermittent leave" as an accommodation for her disabilities and was therefore on notice that Plaintiff would have likely sought intermittent leave under the FMLA immediately once she was eligible.

75. It is unlawful for Defendant to interfere with or make any decision to terminate Plaintiff for exercising any rights under the FMLA, 29 U.S.C. § 2615(a).

76. Defendant's decision was influenced, at least in part, by Plaintiff's impending eligibility for FMLA intermittent leave.

77. Defendant's interference has caused Plaintiff's damages.



78.  The Defendant's actions in violating the FMLA were willful, unreasonable, and without good faith.

79.  Thus, in addition to the amount of any lost compensation, benefits and other monetary damages owed, Plaintiff is entitled to recover from the Defendant an additional equal amount as liquidated damages.

80.  Plaintiff is further entitled to equitable relief as determined by the Court.

**SIXTH CAUSE OF ACTION – VIOLATION OF ARIZONA PAID SICK TIME LAW**

81.  By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

82.  Arizona has adopted a Paid Sick Time law known as the Fair Wages and Health Families Act, A.R.S. §§ 23-371, *et seq*.

83.  A.R.S. § 23-364(B) states:

> No employer or other person shall discriminate or subject any person to retaliation for asserting any claim or right under this article, for assisting any other person in doing so, or for informing any person about their rights. Taking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation, which may be rebutted by clear and convincing evidence that such action was taken for other permissible reasons.

84.  Defendant violated A.R.S. § 23-364 as described herein, by terminating Plaintiff after taking sick leave.

85.  A.R.S. § 23-364(C) authorizes a private right of action for any private party injured by a violation.

86.  A.R.S. § 23-364(G) mandates a remedy of an amount "sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final."

87.  Defendant's discrimination and/or retaliation were committed without justification or excuse.

88.  As a direct result of Defendant's conduct, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $150.00 per day until final judgment.



**JURY DEMAND**

89. Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts, practices, and policies complained of herein are in violation of state and federal law;

B. Directing Valleywise to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities, including but not limited to the required implementation and enforcement of policies, practices and programs that provide equal employment opportunities for employees with disabilities, and that eradicate the effects of its present unlawful employment practices; remedial and additional training to its management, supervisors, human resources personnel, and employees regarding disability-based discrimination in the workplace and unlawful retaliation, including but not limited to accommodation of disabilities;

C. Directing Valleywise to place Plaintiff in the position she would have occupied but for Valleywise's unlawful actions, and make Plaintiff whole for all earnings she would have received, including, but not limited to, back pay, front pay, pension, and other lost benefits;

D. Awarding Plaintiff compensatory damages in an amount to be determined by the jury;

E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

F. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.

Respectfully submitted on this 26th day of October, 2023,

CARDEN LIVESAY, LTD.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*