**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leila K Mohareb, | No. CV-23-02226-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Special Health Care District, | |
| Defendant. | |

Leila Mohareb ("Plaintiff") has asserted an array of claims against her former employer, Maricopa County Special Health Care District d/b/a Valleywise Health ("Defendant"). (Doc. 10.) At issue here is Count Six of the First Amended Complaint ("FAC"), which is a claim that Defendant retaliated against Plaintiff for taking sick leave in violation of A.R.S. § 23-364. (*Id.* ¶¶ 81-88.)

Pending before the Court is Defendant's motion to dismiss Count Six. (Doc. 16.) The sole basis for the dismissal request is that "Plaintiff failed to comply with the notice-of-claim requirements under A.R.S. § 12-821.01." (*Id.* at 2.) Plaintiff, in turn, "does not contest the existence and general applicability of Arizona's Notice of Claim statute, nor does Plaintiff contend that she has attempted to serve such a notice but was unable to do so on grounds of equitable estoppel, waiver, and equitable tolling. Nor does Plaintiff seek leave to amend to cure any technical defect in pleading. Plaintiff's arguments herein (in this apparent case of first impression in Arizona) are solely that the nature of the Paid Sick Time law remedies take this claim outside the Notice of Claim statute, in the same manner

as claims for equitable or declaratory relief." (Doc. 19 at 1, cleaned up.)

The motion to dismiss is now fully briefed (Doc. 20) and neither side requested oral argument. For the following reasons, the motion is granted.

**DISCUSSION**

I.    <u>Legal Standard</u>

Defendant seeks relief pursuant to Rule 12(b)(6), and in response "Plaintiff agrees that this stage of the matter is a proper place for resolving the issue," albeit while also suggesting that certification to the Arizona Supreme Court might be appropriate. (Doc. 16 at 1; Doc. 19 at 2.) In light of the parties' agreement, the Court will proceed pursuant to Rule 12(b)(6). *Rollins v. Maricopa County*, 2020 WL 6081502, *4 (D. Ariz. 2020) ("The County Defendants move under Rule 12(b)(6) to dismiss Counts One and Two of the FAC based on Plaintiff's alleged non-compliance with A.R.S. § 12-821.01(A), which is Arizona's notice of claim statute. As an initial matter, both sides identify Rule 12(b)(6) as the rule governing [Defendant's] motion. Although some courts have suggested that other provisions of Rule 12(b) apply in this circumstance, the Court will apply Rule 12(b)(6) in light of the parties' agreement.") (citations omitted).

Under Rule 12(b)(6), "to survive a motion to dismiss, a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1444-45 (citation omitted). However, the Court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-80. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The Court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th

1 Cir. 2015) (citation omitted).

II. <u>Analysis</u>

Under Arizona law, a party seeking to bring a claim against a public entity such as Defendant must file a "notice of claim" with that entity within 180 days of the action accruing. A.R.S. § 12-821.01(A). Among other things, "[t]he claim shall . . . contain a specific amount for which the claim can be settled and the facts supporting that amount." *Id.* "If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute." *Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006). "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements . . . ." *Id.*

Plaintiff advances what the Court perceives to be three distinct, if at times interrelated, reasons why § 12-821.01(A) should be deemed inapplicable here. The first concerns how the damages associated with a claim of sick-leave retaliation are calculated. Under Arizona law, "[a]ny employer who retaliates against an employee or other person in violation of this article shall be required to pay the employee an amount set by the commission or a court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final." A.R.S. § 23-364(G). According to Plaintiff, the upshot of this formula is that the amount of damages associated with a claim of sick-leave retaliation "is inherently 'unknowable' as every day that passes increases the amount due if a violation is established." (Doc. 19 at 3.) Plaintiff thus contends that it would be pointless to require compliance with the notice-of-claim statute in a case of sick-leave retaliation, because the purpose of the notice is "to give government entities time to evaluate and settle claims before they are dragged into court" yet the notice in a sick-leave retaliation case "self-evidently will contain a statutorily-incorrect sum just 24 hours after it is served and every day thereafter" and "would likely be deemed 'insufficiently specific'" if it "exactly track[ed] the language of the statute." (*Id.* at 3-4, emphasis omitted.)

This argument is unavailing. The Court acknowledges that it may be difficult, in

light of A.R.S. § 23-364(G)'s mandate that the award in a sick-leave retaliation case be "not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final," to prospectively calculate the damages associated with such a claim. However, the notice-of-claim statute does not require the calculation of that figure. Instead, the statute simply requires the claimant to identify "a specific amount for which the claim can be *settled* and the facts supporting that amount." A.R.S. § 12-821.01(A) (emphasis added). Thus, it would not be impossible for a plaintiff in a sick-leave retaliation case to comply with the statute—such a plaintiff need only identify the sum for which she is willing to settle and the facts supporting that settlement demand. *Deer Valley Unified School Dist. No. 97 v. Houser*, 152 P.3d 490, 493 (Ariz. 2007) ("[T]he statute does not require that claimants reveal the amount that they will demand at trial if litigation ensues but simply requires that claimants identify the specific amount for which they will settle and provide facts supporting that amount."); *Jones v. Cochise County*, 187 P.3d 97, 103 (Ariz. Ct. App. 2008) ("[A.R.S. § 12-821.01] requires only that the claimant provide the facts supporting a lump sum award for those damages."). Nor would it be pointless to require compliance in this context—the existence of a precise settlement demand may promote settlement efforts and assist the public entity's financial planning and budgeting efforts. *Martineau v. Maricopa County*, 86 P.3d 912, 915-16 (Ariz. Ct. App. 2004) (explaining that the notice-of-claim statute advances several important "purposes," including "permit[ting] the possibility of settlement prior to litigation, and . . . assist[ing] the public entity in financial planning and budgeting").

Plaintiff's second argument turns on the fact that, under Arizona law, the victim of sick-leave retaliation "has the option of going to court OR filing with the Industrial Commission of Arizona," with the same damages available in both settings. (Doc. 19 at 4, citing A.R.S. §§ 23-364(A), (C).) Plaintiff contends that "[i]t strains credulity to think that this particular statutory system should allow for a plaintiff to obtain an administrative remedy outside the courts and still receive $150.00 per day, but obtain nothing if brought to court for decision without serving a Notice of Claim." (*Id.*)

This argument fares no better than Plaintiff's first argument. Although subdivision (A) of the notice-of-claim statute creates a default rule requiring the submission of claims against public entities, subdivision (C) creates an exception that tolls this requirement as to "any claim that must be submitted to a binding or nonbinding dispute resolution process or an administrative claims process or review process pursuant to a statute, ordinance, resolution, administrative or governmental rule or regulation, or contractual term." A.R.S. §§ 12-821.01(A), (C). *See also Biggs v. Town of Gilbert*, 2011 WL 1793252, *3 (D. Ariz. 2011) (describing § 12-821.01(C) as "a tolling provision"). In that scenario, the claim "shall not accrue for the purposes of this section until all such procedures, processes or remedies have been exhausted" and "[t]he time in which to give notice of a potential claim and to sue on the claim shall run from the date on which a final decision or notice of disposition is issued in an alternative dispute resolution procedure, administrative claim process or review process." A.R.S. § 12-821.01(C). Here, Plaintiff concedes that her claim does not fall within subdivision (C) because the Arizona sick-leave statute does not require her to pursue it in an administrative forum—instead, the statute simply gives her the permissive option to do so. (Doc. 19 at 4 [describing Plaintiff's claim as one that "'may' be submitted to either an administrative body or the courts directly in the first instance"].) It follows that Plaintiff is subject to the default rule set forth in subdivision (A), which requires compliance. *Biggs*, 2011 WL 1793252 at *3 ("But A.R.S. § 12-821.01(C) tolls only claims that *must* be submitted to an administrative claim or review process. The Town of Gilbert's Personnel Rules . . . do not . . . regulate the process for tort claims. Because Plaintiff did not have to first exhaust his tort claims through the Rules process, A.R.S. § 12-821.01(C) does not toll the time for filing his tort claims."). To the extent Plaintiff asks the Court to decline to follow the plain language of the statute because doing so would produce a result that "strains credulity," the Court rejects this invitation. *Cf. In re Hokulani Square, Inc.*, 776 F.3d 1083, 1088 (9th Cir. 2015) ("The distinction drawn by section 326(a) may be harsh and misguided, but it is not absurd. The absurdity canon isn't a license for us to disregard statutory text where it conflicts with our policy preferences; instead, it

is confined to situations where it is quite impossible that Congress could have intended the result and where the alleged absurdity is so clear as to be obvious to most anyone. . . . Congress made a policy judgment in selecting the words of section 326(a), and we are in no position to contradict it.") (cleaned up).

Plaintiff's third argument turns on the fact that "Arizona case law already exempts" lawsuits seeking certain categories of relief "from compliance with the [notice-of-claim] statute." (Doc. 19 at 4.) Plaintiff notes that the exempted categories of relief include "injunctive and declaratory relief claims," "awards of back pay or front pay which are construed as 'equitable relief,'" and "special actions and claims under Arizona's public records act." (*Id.* at 4-5, citations omitted.) Plaintiff contends that the same exemption should apply here because "the goal of the [sick leave] statute is, at least in part, to deter future violations." (*Id.* at 5.)

This argument lacks merit. The bottom line is that the relief Plaintiff seeks in Count Six is a monetary award that, if judgment were entered today, could be no less than $92,100.[1] Although the Ninth Circuit has "predict[ed] that Arizona would not apply its notice of claim statute to claims for nominal damages," *Platt v. Moore*, 15 F.4th 895, 901 (9th Cir. 2021), the nearly six-figure award being sought here is hardly tantamount to a claim for nominal damages. *Rosenkrantz v. Ariz. Bd. of Regents*, 2020 WL 4346754, *3 (D. Ariz. 2020) ("[T]he relief requested for all six of Plaintiffs' claims—regardless of the label Plaintiffs use or theory they assert—directly involves government funds and would undoubtedly affect financial planning. The claims are therefore subject to the notice of claim statute."). Indeed, Arizona law specifies that the purpose of the monetary award in a sick-leave retaliation case is, at least in part, to function as compensatory damages. A.R.S. § 23-364(G) ("Any employer who retaliates against an employee or other person in violation of this article shall be required to pay the employee an amount set by the

---

[1] The FAC alleges that the challenged act of retaliation (*i.e.*, Plaintiff's termination) occurred on September 23, 2022, and seeks "a remedy of not less than $150.00 per day until final judgment per A.R.S. § 23-364(G)." (Doc. 10 ¶¶ 36, 84, 88.) If judgment were entered today, May 29, 2024, the relevant period would be 614 days, resulting in a minimum award of $92,100.

commission or a court *sufficient to compensate the employee and deter future violations*, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final.") (emphasis added).  If anything, *Platt* confirms that the nominal-damages exemption is inapplicable in this circumstance. *Platt*, 15 F.4th at 904 ("Nominal damages claims of one dollar have consistently been understood as categorically different from even small compensatory damages claims, as compensatory damages and nominal damages serve distinct purposes.") (cleaned up).  *See also Yellowman v. Vanderwey*, 2021 WL 5706981, *2 (Ariz. Ct. App. 2021) (unpub.) ("Plaintiffs cannot avoid the notice-of-claim requirement by couching their claim as one for injunctive or declaratory relief when they are seeking monetary damages.").

In light of these determinations, the Court declines to make a certification request to the Arizona Supreme Court.  As the United States Supreme Court has explained, "[n]ovel, unsettled questions of state law . . . are necessary before federal courts may avail themselves of state certification procedures." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997).  *See also Harris v. Arizona Indep. Redistricting Comm'n*, 993 F. Supp. 2d 1042, 1068 (D. Ariz. 2014) ("A basic prerequisite for a court to certify a question to the Arizona Supreme Court is the existence of a pending issue of Arizona law not addressed by relevant Arizona authorities.").  As explained above, the Court does not perceive the issues presented here to be novel or otherwise insufficiently addressed by the relevant Arizona authorities.  Additionally, the Arizona Supreme Court may accept a request for certification only if the question to be resolved "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the intermediate appellate courts of this state." A.R.S. § 12-1861.  Here, any certification request would not be potentially "determinative of the *cause* then pending in the certifying court," *id.* (emphasis added), because it would affect, at most, one of Plaintiff's six claims.

…

…

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 16) is **granted**. Count Six of the FAC (Doc. 10) is dismissed without leave to amend.

Dated this 29th day of May, 2024.

Dominic W. Lanza
United States District Judge